IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 14, 2024

## CATINA HOPE KESTNER LUSK v. BRANDON BURL LUSK

**Appeal from the Circuit Court for Unicoi County**
No. C8612    Suzanne Cook, Judge
_____

**No. E2024-00226-COA-T10B-CV**
_____

This is an accelerated interlocutory appeal as of right pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee from a circuit court judge's denial of a motion to recuse. The Appellant moved for recusal based on the judge's setting a trial date, based on the judge's having filed a complaint with the Board of Professional Responsibility against the Appellant's attorney in an unrelated case, and based on criticism of the attorney in an unrelated case. The judge denied the recusal on the merits and also due to a failure to follow the procedural requirements of Rule 10B. We affirm the trial court's denial of the motion to recuse.

**Tenn. R. App. P. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Lois B. Shults-Davis, Erwin, Tennessee, for the appellant, Catina Hope Kestner Lusk.

Shrief M. Almesallmy, Abingdon, Virginia, for the appellee, Brandon Burl Lusk.

## OPINION

### I.

Appellant Catina Lusk filed for divorce in May 2021. The Defendant filed an answer to the complaint in April 2022, and no further action was taken in the case for over a year. In October 2023, the trial court filed a notice setting a status conference for

November 13, 2023. The attorneys for both parties failed to appear.[1] The court then set a hearing for December 11, 2023, ordering the attorneys to show cause why they should not be held in contempt for failing to appear at the status conference. Ms. Shults-Davis, the attorney for the Appellant, appeared at this hearing and advised the court that the parties had temporarily reconciled but that the Appellant now wished to proceed with the divorce. The trial court's January 4, 2024 order, notes that "[u]pon inquiry by the Court for a suitable trial date, Attorney Shults-Davis advised the Court that February 12, 2024, was an agreeable date between counsel for the trial of this matter." The court accordingly ordered trial to be set on February 12, 2024. Neither attorney was held in contempt for the failure to appear at the status conference. The trial court's order denying recusal noted that "Attorney Shults-Davis also separately submitted an Order reflecting the trial date was set for February 12, 202[4], which was entered on January 26, 2024."[2] This order, signed as "Approved" by Appellant's attorney, is attached as an exhibit to the order denying recusal.

On February 1, 2024, Appellant filed a motion for recusal. As a basis for recusal, she stated that the parties had attempted a reconciliation, that the court had ordered the status hearing and show cause hearing "while I [(Ms. Lusk)] was undergoing treatment out of State," and that the judge "was not interested in my life circumstances and ordered a trial *sua sponte*." Ms. Lusk also averred that the judge had filed a complaint against her attorney with the Board of Professional Responsibility (BPR). The motion stated that the Appellant "further underst[oo]d" that the trial court had "acted in an extra-judicial and unusual fashion" because the trial court judge criticized and called into question her attorney's credibility in unrelated proceedings. The Appellant attached an affidavit affirming that the statements in the motion were true, made under penalty of perjury, in good faith, and not presented for an improper purpose. She also attached documents from two unrelated proceedings.

In one of these unrelated proceedings, one of Ms. Shults-Davis's clients, on the eve of a mediation that had been previously agreed to and which had been on the calendar for over a month, moved to reset the date because of a work trip which he acknowledged had been scheduled months before. The judge denied the motion to reset the mediation and stated that if the party was not present at the mediation the following day, the judge would instead hold the party in contempt and hear the opposing party's motions for temporary alimony and criminal contempt. The mediation scheduled for 9:00 a.m. did not proceed at its originally set start time, but Ms. Shults-Davis's client appeared at 11:00 a.m. for the hearing on the opposing party's motions, representing to the court that he had just arrived

---

[1] In her brief, Appellant asserts that the attorneys missed the November status conference because it was "one day apart in time from a General Sessions Court hearing in October." She further asserts she was living in North Carolina and had "sought in-patient treatment" at the time.

[2] The order, filed January 26, 2024, contains what we presume is a typographic error setting the trial for February 12, 2023, rather than 2024.

in the state after booking a last-minute flight. At the hearing, however, Ms. Shults-Davis noted she needed to leave for another matter in a different court. The trial judge questioned why she would have set the other matter when the parties were scheduled for mediation that day. The judge, through her assistant, later requested that Ms. Shults-Davis's client submit his travel documents to confirm that he had not misrepresented his whereabouts or the timing of his travel arrangements. There is also a notice of hearing from a separate unrelated case in which the Appellant alleges the judge "changed custody even though the parent in custody was out of state." On its face, the seemingly referenced document is nothing more than a notice of hearing.

The trial court denied the motion to recuse. Addressing the merits of the recusal motion, the trial court found that Appellant's counsel had not objected to setting a trial or to the trial date, that counsel had not filed a motion for continuance, and that the parties had never filed anything informing the court that they were attempting to reconcile or wished to suspend the proceedings. The court noted that the Appellant retained the ability to dismiss the case, enter an order suspending proceedings under Tennessee Code Annotated section 36-4-126, to settle the matter, or to file a motion to continue. The court found that the complaint with the BPR did not arise from the present litigation, did not involve any overlapping legal issues, and did not involve the Appellant. The trial court found that it did not consider any extrajudicial information and that there was "no animosity toward counsel," noting that Ms. Shults-Davis was not held in contempt as a result of the show cause hearing. The court concluded that setting a trial on a case that was over two and one-half years old did not indicate partiality or hostility. Finding that a person of ordinary prudence would see no reasonable basis for questioning the judge's impartiality, the judge denied the motion to recuse. The court also found that the motion to recuse should be denied because the Appellant's filings "lack any statement or affirmation of *personal knowledge*" and because the Appellant had improperly omitted orders, including the order entered January 4, 2024. Ms. Lusk appeals from the trial court's decision to deny her motion to recuse.

II.

We note initially that our review of this matter is somewhat hampered by a lack of precision in the Appellant's briefing before this court as well as in her underlying recusal motion. Insofar as we are able to decipher from these filings, we discern the following contentions to be advanced: (1) the Appellant asserts that the trial judge should have recused herself because she "was not interested in my life circumstances and directed the setting of a trial date without the same being sought by either party"; (2) the Appellant asserts recusal was warranted because the judge filed a complaint against the Appellant's attorney, Ms. Shults-Davis, with the BPR; (3) the Appellant contends that the trial judge "acted in an extra-judicial and unusual fashion" in criticizing Ms. Shults-Davis and

- 3 -

questioning her credibility[3]; and (4) the Appellant asserts the trial court erred in denying the recusal motion based on procedural deficiencies. We conclude that a person of ordinary prudence would find no reasonable basis for questioning the judge's impartiality, and we accordingly affirm the trial court judge's denial of Ms. Lusk's recusal motion

Under section 2.01 of Rule 10B of the Tennessee Supreme Court, a party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. This court reviews a trial court's decision regarding a motion to recuse de novo. Tenn. Sup. Ct. R. 10B § 2.01; *Duke v. Duke*, 398 S.W.3d 665, 668 n.2 (Tenn. Ct. App. 2012) (noting that the Rule has altered the standard of review of recusal motions). On review of the Appellant's petition and supporting documents, we have determined that no answer, oral argument, or further briefing are necessary, and we have elected to act summarily on the appeal. Tenn. S. Ct. R. 10B, §§ 2.05, 2.06.

The Appellant's motion for recusal essentially alleged bias on the part of the trial judge. "Litigants in Tennessee have a fundamental right to a fair trial before an impartial tribunal." *State v. Griffin*, 610 S.W.3d 752, 757 (Tenn. 2020) (quoting *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017)). The public's confidence in the neutrality and impartiality of the judiciary is a significant interest, *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009), and "[i]f the public is to maintain confidence in our system of justice, a litigant must be afforded . . . the 'cold neutrality of an impartial court.'" *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

"[T]he test for recusal requires a judge to disqualify himself or herself in any proceeding in which 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Griffin*, 610 S.W.3d at 758 (quoting *Cannon*, 254 S.W.3d at 307). This test is objective rather than subjective because the appearance of bias harms the integrity of the court system as much as actual bias. *Cannon*, 254 S.W.3d at 307. "To act 'impartially' is to act in 'absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge.'" *Adams v. Dunavant*, 674 S.W.3d 871, 878 (Tenn. 2023) (quoting Tenn. Sup. Ct. R. 10, Terminology "Impartiality"). When a judge's impartiality might reasonably be questioned, recusal is warranted "[e]ven if a judge believes he [or she] can be fair and impartial." *Bean*, 280 S.W.3d at 805. The party moving for recusal bears the burden of

---

[3] The brief contains a statement in which the Appellant asserts, "In light of the Trial Judge's words, conduct, demeanor, facial expressions, and other signals, a reasonably objective person would believe that the Trial Judge's impartiality is in question due to prejudice or bias concerning me and my attorney." There is absolutely zero information in the record or development of argumentation in Ms. Lusk's brief regarding the trial judge's demeanor, facial expressions, or other nonverbal signals. To the extent that the Appellant alleges bias in the court's oral and written statements reflected in the record, we address the claims below.

presenting evidence that would prompt a reasonable, disinterested person to believe that there is a reasonable basis for questioning the judge's impartiality. *Duke*, 398 S.W.3d at 671.

A.

The Appellant alleges that recusal is warranted because the court *sua sponte* and without consideration for her schedule set a trial date. However, the record refutes the factual underpinnings of this claim.[4] The trial court found that Ms. Shults-Davis appeared in court in December, advised the court that February 12, 2024, was an agreeable date, and never subsequently objected to the setting of a trial or to the trial date selected in particular. Indeed, Ms. Shults-Davis's signature appears on an order, which the trial court found Ms. Shults-Davis submitted to the court, setting trial for February 12th. Furthermore, in her appellate brief, Appellant acknowledges that Ms. Shults-Davis attended the December show cause hearing and "contacted counsel for defendant and confirmed that he was available February 12, 2024." Counsel also failed to seek a continuance. Simply stated, the record reflects that the court, with the acquiescence of the parties, scheduled a trial in a case that had been dormant for over a year and a half.

"A trial court has broad discretion in the conduct of trials and the management of its docket." *Justice v. Sovran Bank*, 918 S.W.2d 428, 429-30 (Tenn. Ct. App. 1995). "[T]rial courts may manage their dockets to move cases along with reasonable dispatch" and may even dismiss cases when "a plaintiff fails to move a case toward adjudication when there is no compelling reason for delay." *Woods v. World Truck Transfer, Inc.*, No. M1997-00068-COA-R3-CV, 1999 WL 1086462, at *8 (Tenn. Ct. App. Dec. 3, 1999) (citing Tenn. R. Civ. P. 41.02(1)). In this case, the trial court scheduled a trial after consulting the parties. Setting a trial on a date which draws no objection and is mutually agreeable to the parties is, simply put, no basis for recusal. Ms. Lusk's argument to the contrary is thinly explained and more confounding than convincing.

B.

Appellant asserts that recusal is required because the judge filed a complaint against Ms. Shults-Davis with the BPR and because the complaint and other documents incorrectly accuse Ms. Shults-Davis of "'failing in her duty of candor to the Court,' and misrepresenting matters to the Court of Appeals and opposing counsel." The Appellant's brief cites to "Exhibit C" for this language. The only "Exhibit C" that has been made

---

[4] To the extent that the Appellant alleges in the heading of Section III. 2 of her brief that there was error setting any hearings other than the trial date, this claim was not raised below, where the Appellant objected only to the setting of "a trial," and we will not consider it on appeal. *See Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010) ("It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court.").

available to the panel on appeal is "Exhibit C" to the trial court's order denying recusal, which is the trial court's order filed January 4, 2024. This order set the trial date and noted the attorneys were not held in contempt. It does not contain the cited language. Insofar as we can discern, the cited material was also not appended to the motion to recuse filed below, which refers only to an "Exhibit A" consisting of two transcripts, documentation regarding the requests for and responses to travel information, and a notice of hearing in separate, unrelated cases. We also note that the motion before the trial court stated as a ground for recusal only that the judge "has filed a complaint to the Board of Professional Responsibility concerning the undersigned attorney for Plaintiff," indicating the judge entertained a "substantial question as to that lawyer's honesty, trustworthiness, or fitness as a lawyer." On appeal, we limit our review to the issue as it was presented to the trial court. *See Powell*, 312 S.W.3d at 511.

Consideration of Ms. Lusk's argument on appeal is somewhat hamstrung by the sparsity of the materials presented to this Court, which give no inkling as to the subject matter of the BPR complaint. However, the record does contain the trial court's finding that "[t]he BPR Complaint referenced in Plaintiff's motion does not arise from the present litigation, nor the extraneous matters attached as exhibits to Plaintiff's motion, and does not involve Plaintiff in any aspect."

In *Pennington v. Pennington*, this Court was recently presented with an argument that the judge's filing of a BPR complaint required recusal. No. W2023-01691-COA-T10B-CV, 2024 WL 380702, at *5 (Tenn. Ct. App. Feb. 1, 2024). In *Pennington*, we observed that:

> Recusal is not automatically required simply because of the filing of a complaint alleging unethical or unprofessional conduct. This is true where a party files a complaint about a judge. *See Salas v. Rosdeutscher*, No. M2021-00157-COA-T10B-CV, 2021 WL 830009, at *3 (Tenn. Ct. App. Mar. 4, 2021) (noting that "the judicial disqualification standards do not require recusal simply because the person seeking recusal has filed some type of complaint against the judge"); *In re Adison P.*, No. W2015-00393-COA-T10B-CV, 2015 WL 1869456, at *6 n.7 (Tenn. Ct. App. Apr. 21, 2015); *State v. Parton*, 817 S.W.2d 28, 30 (Tenn. Crim. App. 1991) (there was no evidence of bias based on the defendant's filing a complaint with the board of judicial conduct); *see also Moncier v. Bd. of Prof'l Responsibility*, 406 S.W.3d 139, 162 (Tenn. 2013) (collecting cases in which recusal was not required when a litigant sued a judge). This is also true when the complainant is the judge whose recusal is at issue and the complaint is about the attorney for a party in the litigation before the judge. *Cone v. Cone*, No. M2008-02303-COA-R3-CV, 2010 WL 1730129, at *18 (Tenn. Ct. App. Apr. 29, 2010) (no abuse of discretion in denying recusal when the court expressed an intention to report an attorney to the board based on the belief, drawn from

allegedly seeing the attorney hold a client's hand during a hearing, that the attorney was having an inappropriate relationship); *see Watson v. Cal-Three, LLC*, 254 P.3d 1189, 1192 (Colo. App. 2011) (trial judge did not abuse her discretion in failing to recuse after she reported an attorney for violation of professional rules because "[w]hile the better practice would have been for the court either to inform [the attorney] of her report before entering judgment or wait to report any unethical behavior until after entry of judgment," the judge "acted in accordance with her duties"); *OneWest Bank, FSB v. Walsh*, No. 1-12-0111, 2013 WL 6061644, at *4 (Ill. App. Ct. Nov. 15, 2013) ("[B]ecause the trial judge acted based upon his ethical duty to report attorney misconduct and facts discovered during the course of the proceeding, . . . the[] claim that [litigants] were denied an impartial hearing before an impartial tribunal must fail.").

*Id.*

Here, the materials that were made available by the Appellant to this court contain only the information that the judge filed a complaint and that the complaint had nothing to do with the litigant or case before us or the unrelated cases referenced in the exhibits to the motion. As noted above, the mere filing of a complaint is not a basis for recusal. *Id.* "[T]he proponent of a recusal motion bears the burden of establishing that recusal is appropriate . . . ." *Adams*, 674 S.W.3d at 878-79. The mere fact that the judge filed a complaint with the BPR against Ms. Shults-Davis does not, without more, establish bias against either the litigant or against Ms. Shults-Davis. Accordingly, the judge did not err in denying the motion to recuse on this basis.

C.

The Appellant also takes issue with what she characterizes as "extra-judicial" criticism of her attorney in an unrelated case. In this section of her brief, Appellant cites to an exhibit which this Court is unable to locate, "Exhibit D." The only "Exhibit D" that has been made available to the panel on appeal is the trial court's order filed January 26, 2024, which was attached to and referenced in the trial court's order denying recusal and which consists of two sentences setting the trial date. From what we can glean, however, we have been presented with all of the information that was placed before the trial court in the motion to recuse. To the extent that we are able to discern the issue raised, the Appellant appears to be referring to the trial judge's actions in chastising counsel for setting another matter during what was scheduled to be a day of mediation in an unrelated case and the judge's action in requiring the party in the unrelated case to document his travel arrangements.

Bias and prejudice generally refer to "a state of mind or attitude that works to predispose a judge for or against a party." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn.

Crim. App. 1994). "To disqualify, prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" *Id.* (quoting *State ex rel. Wesolich v. Goeke*, 794 S.W.2d 692, 697 (Mo. Ct. App. 1990)). "Judicial expressions of impatience, dissatisfaction, annoyance, and even anger towards counsel, the parties, or the case, will not ordinarily support a finding of bias or prejudice unless they indicate partiality on the merits of the case." *Groves v. Ernst-Western Corp.*, No. M2016-01529-COA-T10B-CV, 2016 WL 5181687, at *5 (Tenn. Ct. App. Sept. 16, 2016). Likewise, "[a] judge's irritation or exasperation with counsel, criticism of counsel for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions and contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *5 (Tenn. Ct. App. Feb. 11, 2014).

Here, the Appellant asserts generally that recusal is warranted by the judge's "criticizing of the attorney, questioning of the credibility of the attorney without foundation, and investigating as a judicial officer to try to find proof of such is harassing and shows personal bias." However, the brief does not specify exactly what conduct the Appellant finds objectionable and why it suggests recusal is warranted. We cannot construct the Appellant's argument for her. *See Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). In any event, the record does not reveal any prejudice of a personal character directed at the Appellant or her attorney. Accordingly, there is no basis for concluding that a person of ordinary prudence in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality. Simply stated, the trial court judge did not err in declining to recuse on this basis.

D.

Finally, the Appellant objects to the denial of the motion to recuse insofar as it was based on procedural grounds. Section 1.01 of Rule 10B mandates that the motion for recusal "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Tenn. Sup. Ct. R. 10B, § 1.01. The trial court found that the motion was procedurally defective, relying on *Berg v. Berg*, in which an affidavit that attested the statements in the motion were "true to the best of [Mother's] knowledge, information and belief" was found insufficient to meet the requirement in Rule 10B. No. M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *3 & n.1 (Tenn. Ct. App. July 27, 2018) (noting a contrary result in *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) and affirming the denial based on the procedural deficiency, the failure to include proper

documents on appeal, and the merits of the motion). The court also found that omission of the January 2024 order was a procedural defect. Appellant contends that denial of the motion on these bases was error.

We do not reach the question of whether the trial court, in addition to having properly dismissed the motion on the merits, also properly dismissed the case based upon procedural grounds. Even assuming *arguendo* that the Appellant is correct that her motion was not procedurally defective, we have concluded, as explained above, that the denial of the motion to recuse should be affirmed. The trial court's decision would still be affirmed because the Appellant has not shown that "a person of ordinary prudence in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Bean*, 280 S.W.3d at 805.

## CONCLUSION

In considering the arguments advanced on appeal and for the reasons discussed above, we affirm the judgment of the trial court. The costs of the appeal are taxed to the appellant, Catina Hope Kestner Lusk, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE

- 9 -